**Herman MOHLAND, Petitioner,**

**v.**

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**No. 21943.**

United States Court of Appeals
Ninth Circuit.

May 2, 1968.

---

Herman Mohland, in pro. per.

Warren M. Davison (argued), William H. Carder, Attys., N.L.R.B., Thomas P. Graham, Jr., Regional Director, N.L.R.B., Seattle, Wash., Marcel Mallet-Prevost, Asst. Gen. Counsel, N.L.R.B., Arnold Ordman, Gen. Counsel, N.L.R.B., Dominick L. Manoli, Associate Gen. Counsel, N.L.R.B., Washington, D. C., for appellee.

Before JERTBERG, BROWNING and CARTER, Circuit Judges.

JERTBERG, Circuit Judge:

This case is before the court upon the petition of Herman Mohland, herein "Petitioner", to review and set aside an order of the National Labor Relations Board, issued on March 31, 1967, dismissing an Unfair Labor Practice complaint against Hoerner-Waldorf Paper Products Company, herein "Company."

Petitioner was the charging party before the Board. The Board's decision and order, issued pursuant to Section 10 (c) of the National Labor Relations Act, as amended, 29 U.S.C. § 151 et seq., are reported in 163 NLRB No. 105. This court has jurisdiction under Section 10 (f) of the Act, the alleged unfair labor practices having occurred in Missoula, Montana.

We have concluded, for the reasons hereinafter set forth, that the cause must be remanded to the Board for further proceedings. For such purpose we need not set forth in this opinion a complete résumé of the facts disclosed by the record. We deem the following to be sufficient:

At all times material herein, the Company operated under a Collective Bargaining Agreement with Hellgate Local 885, International Brotherhood of Pulp, Sulphite & Paper Mill Workers, AFL-CIO. Provisions of that agreement pertinent to this opinion are:

"Section 28—Causes for Immediate Discharge

" * * *

"(c) Disobedience.

" * * *

"(g) Refusal to comply with Company rules provided that such rules shall be posted in each department where they may be read by all employees, and further that no changes in present rules or no additional rules shall be made that are inconsistent with this Agreement; and further provided, that any existing or new rules or changes in rules may be the subject of discussion between the Union Standing Committee and the Local Mill Manager, and in case of disagreement, the procedure for other grievances shall apply.

" * * *."

"Section 39—Conflict with Law

"In the event any state or federal law conflicts with any provision of this Agreement, the provision or provisions so affected shall no longer be binding upon the parties, but the remaining provisions of the Agreement shall continue in full force and effect."

On March 11, 1966, the Company installed new time clocks, and a new rule was adopted in conformity with the provisions of Section 28(g) of the Collective Bargaining Agreement whereby employees were instructed to fill in the amount of straight time, overtime, and total hours worked on the new daily time cards.

Petitioner complied with the instructions until April 15, 1966. After April 15, 1966, petitioner refused to fill in the columns of his card for straight time, overtime and total hours worked. Petitioner's time cards were completed by a maintenance foreman, who assumed that petitioner's failure to fill in the missing information was inadvertent. During the first week in May, the foreman became aware that petitioner was repeatedly failing to keep his time card, and he was directed to send the incomplete cards into the office and to reprimand petitioner, which he did on May 16. Petitioner replied that he understood the procedure, but that, "since the Company was making it a practice to cheat the men," [1] he did not want to accept the responsibility for mistakes on his time card. The foreman warned petitioner that if his cards were not completed properly, they would not be signed and his pay would be delayed. Petitioner completed his time card for May 16.

On the following day, petitioner again failed to complete his time card. On May 18 and 19, petitioner again refused to comply with instructions and petitioner's refusal to do so was reported to the Production Manager of the Company.

At a meeting held on May 20, attended by petitioner, representatives of the Union with which the Company had a Collective Bargaining Agreement, and representatives of the Company, petitioner was asked why he did not complete his time cards on May 17 and 18. Petitioner responded that he did not want to accept responsibility for mistakes in timekeeping. At the conclusion of the meeting, the Production Manager of the Company stated to petitioner: "As much as I regret to do this, I have no other choice than to discharge you immediately, exercising our right as guaranteed in the contract for disobedience."

On May 24, 1966, petitioner filed charges with the Board alleging that his discharge violated Sec. 8(a) (3) and (1) of the Act.

Following a hearing before the Trial Examiner, the Examiner found that petitioner was discharged for cause and not because of his protected union activities, and recommended to the Board that the complaint be dismissed. The Board adopted the findings, conclusions and recommendations of the Trial Examiner.

The petitioner filed with the Board exceptions to the Examiner's findings, conclusions and recommended Order, claiming, among other things, that the rule placing the timekeeping duties upon the employees of the Company was in violation of, and rendered unenforceable by, Section 39 of the Collective Bargaining Agreement, in that 29 U.S.C. § 211(c) of the Fair Labor Standards Act requires every employer subject to that Act

"shall make, keep and preserve such records of the persons employed by him, and of the wages, hours and other conditions and practices of employment maintained by him * * *."

In short, petitioner claimed that the rule placing the timekeeping duties upon the employees of the Company was invalid, because it contravenes federal labor policy which requires the employer to keep the time records, and that the Collective Bargaining Agreement incorporated this policy. From these premises petitioner

---

1. Petitioner asserts that errors on time cards, made by employees, were not corrected if in favor of the company.

claims that he could not be discharged for disobeying a rule that violated the Collective Bargaining Agreement.

In its decision and order the Board stated:

"The Board has reviewed the rulings of the Trial Examiner made at the hearing and finds that no prejudicial error was committed. The rulings are hereby affirmed. The Board has considered the entire record in this case, including the Trial Examiner's Decision, *the exceptions*, and briefs, and hereby adopts the findings, conclusions, and recommendations of the Trial Examiner." (Emphasis ours.)

The record discloses that petitioner, in his complaint filed with the Board, did not refer to or question the validity of the time card rule. No evidence on the subject was placed before the Trial Examiner, and the Trial Examiner, in his findings, conclusions and recommended order made no reference to the time card rule.

On this appeal petitioner reiterates the contention made in his exceptions filed with the Board.

It is clear that the exception above mentioned, which petitioner filed with the Board, was not, in fact, considered or passed upon by the Board.

The petitioner in his brief cites no authority in support of his exception, except 29 U.S.C. § 211(c) of the Fair Labor Standards Act, supra. The only reference to petitioner's exception appears in footnote 12 of the Board's brief, wherein it is stated:

"Petitioner errs in contending (br. pp. 23–26) that it was violative of federal law for the Company to require the employees to record their own time on their timecards. Under Section 11 (c) of the Fair Labor Standards Act (29 U.S.C., Sec. 211(c)), employers are responsible for the record-keeping requirements of the Act. However, an employer may delegate certain portions of such record-keeping to his employees, with ultimate responsibility for such record-keeping resting on the employer. Goldberg v. Cockrell, 303 F. 2d 811, 812 n. 1 (C.A. 5)."

We have been unable to discover any decision of the Board which had occasion to pass upon the impact, if any, of 29 U.S.C. § 211(c) on a Collective Bargaining Agreement, nor have we been able to discover any decision of the Circuit Courts based upon this problem in the context of a labor dispute under a Collective Bargaining Agreement.

We deem it unwise for this court to treat this issue for the first time on a Petition for Review. Policy considerations may be involved. The practice of employers in delegating some timekeeping duties to employees may be minimal or widespread. In any event, the Board, in light of its expertise in the field of labor relations, should initially consider and pass upon it.

The cause is remanded to the Board for such further proceedings as the Board may deem proper in order to pass upon petitioner's contention relating to the claimed invalidity of the timekeeping rule which the Company and the Union adopted.