**Herman MOHLAND, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**No. 24128.**

United States Court of Appeals, Ninth Circuit.

Feb. 20, 1970.

Herman Mohland, in pro. per.

William H. Carder (argued), Warren M. Davidson, Attys., Marcel Mallet Prevost, Asst. Gen. Counsel, NLRB, Washington, D. C., Garlington, Lohn & Robinson, Missoula, Mont., for appellee.

Before BARNES, MERRILL and CARTER, Circuit Judges.

PER CURIAM:

This petition for review is back before us following our earlier remand to the Board for consideration of a specific point not theretofore considered. Mohland v. NLRB, 394 F.2d 701 (9th Cir. 1968).

Petitioner charged his employer with an unfair labor practice, claiming that his discharge from employment violated § 8(a) (3) and (1) of the National Labor Relations Act, 29 U.S.C. § 158(a) (3) and (1).[1] The Board found that the discharge was for cause in that petitioner had deliberately failed to abide by company rules respecting the filling out of his time cards.[2] Petitioner contended that the company rule was in violation of the collective bargaining agreement and contrary to the Fair Labor Standards Act, 29 U.S.C. § 211(c).[3] The matter was remanded to the Board to pass upon the impact of that section upon the charge filed by petitioner.

On remand the Board, in a supplemental decision and order, determined that even if the company rule were invalid and hence not grounds for discharge under the collective bargaining agreement, this still would not render petitioner's discharge a violation of § 8(a) (3), in absence of any proof of antiunion motivation.[4] Since the Board had earlier determined that there was no antiunion animus involved in the discharge, the Board reaffirmed its order dismissing petitioner's complaint.

We agree. The prohibition of § 8(a) (3) is limited to discrimination which is intended to "encourage or discourage membership in any labor organization." As we noted in NLRB v. Isis Plumbing and Heating Co., 322 F.2d 913, 922 (9th Cir. 1963):

"[A]n employer may discharge an employee for good cause, or bad cause, or no cause at all, unless the real motivating purpose is to do that which Sec. 8(a) (3) of the Act forbids. [citations omitted]"

Affirmed.

---

1. "(a) It shall be an unfair labor practice for an employer—
   (1) to interfere with, restrain or coerce employees in the exercise of the rights guaranteed in section 157 of this title [right of employees as to organization, collective bargaining, etc.];
   *    *    *    *    *
   (3) by discrimination in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any labor organization * * *."

2. The employer had issued a directive which required employees to fill in the total normal and overtime hours worked during each daily shift.

3. "(c) Every employer * * * shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him * * *."

4. Following the Board's supplemental decision and order petitioner moved for reconsideration by the Board on the ground that the Board had failed to discuss § 8(a) (1). Transcript of Record, page 11. This motion was, however, subsequently withdrawn. Transcript of Record, page 12.